## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ROBERTO BENITEZ FLORES      *
629 Northwood Terrace          *
Silver Spring, MD 20902        *
                                     *
       PLAINTIFF,            *
                                       *
v.                                      *
                                       *      Case No.:   19 – 1714
LOFFT CONTRACTORS, INC.     *
616 Kennedy Street, NW       *
Washington, D.C. 20011        *
                                     *
       SERVE:             *
       ALEJANDRO SANGUINETTI   *
       2922 Newark Street, NW     *
       Washington, D.C. 20008      *
                                     *
And                                   *
                                       *
ALEJANDRO SANGUINETTI      *
2922 Newark Street, NW        *
Washington, D.C. 20008         *
                                     *
       DEFENDANTS.          *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiff Roberto Benitez Flores ("Plaintiff"), by and through undersigned counsel, hereby submits this Complaint against Lofft Contractors, Inc. ("Lofft Contractors") and Alejandro Sanguinetti (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 et seq. ("DCMWA") as set forth below.

## PARTIES AND JURISDICTION

1.      Plaintiff is an adult resident of the State of Maryland. By participating as the named Plaintiff in this action, Plaintiff consents to prosecute his claims against Defendants under the

FLSA and the DCMWA.

2.      Plaintiff was employed by Defendants to work for Lofft Contractors as a carpenter. Plaintiff primarily worked in the District of Columbia.

3.      Defendant Lofft Contractors is a corporation formed under the laws of the District of Columbia with its principal place of business in the District of Columbia.

4.      Defendant Alejandro Sanguinetti is an adult resident of the District of Columbia. Mr. Sanguinetti owns and operates Lofft Contractors.

5.      On information and belief, at all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

6.      At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled or otherwise worked on goods and materials (namely cooking supplies and other related items) that were moved in or produced for commerce. Thus, Plaintiff was an individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

7.      At all times pertinent to the allegations herein, Defendants were Plaintiff's "employers" for purposes of the FLSA and the DCMWA.

8.      This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

9.      Plaintiff worked for Defendants from roughly June 2009 until March 28, 2019.

10.     During his employment, Plaintiff worked an average of approximately 45 hours per week.

11.     During the relevant period, Defendants paid Plaintiff $29.00 per hour.

12.     Throughout Plaintiff's employment, Defendants did not pay Plaintiff one-and-one-half times (1.5x) his hourly rate for hours worked in excess of 40 during a single workweek.

13.     Defendants impermissibly failed to deduct payroll taxes from Plaintiff's check and paid him as a 1099 contractor.

14.     Defendant Alejandro Sanguinetti owned and operated Lofft Contractors throughout Plaintiff's employment. Throughout Plaintiff's employment, Mr. Sanguinetti:

   a.   Had the power to hire, fire, suspend, and otherwise discipline Plaintiff;

   b.   Had the power to supervise Plaintiff's work duties to ensure their work was of sufficient quality;

   c.   Set and controlled Plaintiff's work schedules or had the power to set and control Plaintiff's work schedules;

   d.   Set and determined or had the power to set and determine Plaintiff's rate and method of pay; and

   e.   Controlled and was in charge of the day-to-day operations of Lofft Contractors.

15.     Plaintiff's primary work duties did not qualify for any exemption under the FLSA or the DCMWA.

16.     Defendants' failure and refusal to pay Plaintiff overtime pay, as required by the FLSA, was willful and intentional, and was not in good faith.  Additionally, Defendants failed to

3

timely pay Plaintiff the unpaid overtime owed, as required under the DCMWA.

## CAUSES OF ACTION
### COUNT I
**Violation of the Fair Labor Standards Act**
**(Overtime)**

17.     Plaintiff re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

18.     The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

19.     At all times pertinent to the allegations herein, Plaintiff was an "employee" covered by § 207(a)(1) of the FLSA, and Defendants were his "employers" under § 207(a)(2) of the FLSA.

20.     Defendants, as Plaintiff's employers, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) his regular rate for all overtime hours worked.

21.     As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work many overtime hours during his employment.

22.     As set forth above, Defendants failed and refused to pay Plaintiff one-and-one-half (1.5x) his regular rate for all overtime hours worked.

23.     Defendants' failure and refusal to pay Plaintiff, as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count I for all unpaid wages in an amount to be proven at trial, plus an equal amount in liquidated damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of the D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

24.    Plaintiff re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

25.    At all times pertinent to the allegations herein, Plaintiff was Defendants' "employee," and Defendants was Plaintiff's "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq*.

26.    Defendants, as Plaintiff's employers under the DCMWA, were obligated to compensate Plaintiff at the overtime rate of one-and-one-half times (1.5x) his regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

27.    As set forth above, Defendants had knowledge and suffered or permitted Plaintiff to work overtime hours during his employment.

28.    As set forth above, Defendants failed and refused to pay Plaintiff time-and-one-half (1.5x) his regular rate for all the overtime hours he worked.

29.    Defendants' failure and refusal to pay Plaintiff as required by the DCMWA was willful and intentional and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiff under Count II for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

_____
Michael K. Amster (Bar No. 1001110)
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff*